UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DWAYNE HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:24-cv-00538-SEP |
| ) | |
| C.O. UNKNOWN HARRIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is pro se Plaintiff Dwayne Harris's Complaint, Doc. [1]. After review under 28 U.S.C. § 1915A, the Complaint is dismissed for failure to state a claim upon which relief may be granted.

### FACTS AND BACKGROUND

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights when they failed to protect him from the assault of other inmates at the St. Louis County Justice Center. He names as defendants the following individuals: Correctional Officer (CO) Harris, CO Brown, Sam Page, and Doug Burris. He also names as a defendant the Buzz Westfall Justice Center. *See* Doc. [1] at 1. He does not state whether he is suing Defendants in their official capacities, individual capacities, or both.

Plaintiff states that, on February 4, 2024, he was assaulted by an inmate named "Meechen" while he was in the day room.[1] *Id*. at 5. Plaintiff claims that he was eating when Meechen struck him in the back of the head with a food tray twice before another inmate intervened. *Id*. He states that Defendant Harris was supervising the pod at the time of the attack. He claims that he was assaulted a second time when he was in his cell preparing for class. An inmate named "Adams" came into his cell and struck Plaintiff in the back of his head causing him to hit his face on a shelf. Plaintiff alleges that the resulting wound was treated with medical glue. During that incident, Plaintiff claims Defendant Brown was working in his pod. For relief, Plaintiff seeks $10,000,000 in actual and punitive damages.

---

[1] In the Complaint, Plaintiff could not recall the date of the attack. He later filed an affidavit from another inmate, Doyle Franks, stating that he witnessed the attack on February 4, 2024. *See* Doc. [6].

**LEGAL STANDARD**

Under 28 U.S.C. § 1915A(a), the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law."  28 U.S.C. § 1915A(c).  The Court must dismiss such a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief."  *Id*. § 1915A(b).  Plaintiff is detained at the St. Louis County Justice Center and is suing employees of a governmental entity, so the Complaint is subject to § 1915A screening.

An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.  The Court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

**DISCUSSION**

The allegations in the Complaint occurred while Plaintiff was a pretrial detainee, so his claims are analyzed under the Fourteenth Amendment.  *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010).  Under the Due Process Clause of the Fourteenth Amendment, custodians of a pretrial detainee have a duty to take reasonable steps to protect the detainee from assault by other detainees.  *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010).  And the "Due Process Clause affords pretrial detainees at least as much protection as the Eighth Amendment provides

2

to convicted prisoners." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014) (citing *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003)).  "Prison inmates have a clearly established Eighth Amendment right to be protected from violence by other inmates." *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000).  "However, 'it is not every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety.'" *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 923 (8th Cir. 2010) (cleaned up) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Rather, prison officials violate the Eighth Amendment 'only when they exhibit a "deliberate or callous indifference" to an inmate's safety.'" *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018) (quoting *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002)).

      To prove a constitutional violation, a plaintiff must "satisfy two requirements, one objective and one subjective.  The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious.  The second requirement is subjective and requires that the inmate prove that the prison officials had a 'sufficiently culpable state of mind.'" *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citation omitted) (quoting *Farmer*, 511 U.S. at 834).  A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Vandevender v. Sass*, 970 F.3d 972, 975-76 (8th Cir. 2020) (quoting *Farmer*, 511 U.S. at 837).  If a plaintiff fails "to plausibly allege a substantial risk of serious harm," then the "Complaint fails to state a claim." *Id*. at 976.

      Failure-to-protect cases often arise out of an inmate-on-inmate assault involving (1) an attacker known to be dangerous and volatile, (2) an attacker "who previously threatened or fought with the victim," or (3) "a victim who should have been better protected because of known prior inmate threats." *Vandevender*, 970 F.3d at 976 (collecting cases).  In determining whether a substantial risk of serious harm exists, Courts consider (1) whether the plaintiff had been threatened by the attacker, (2) whether the attacker was known to be violent or volatile, (3) the nature of any prior relationship between the plaintiff and attacker, and (4) whether the plaintiff or attacker had recently been in protective custody or administrative segregation. *See id*. Ultimately, a plaintiff must show that he faced a "pervasive risk of harm." *Id*. at 977 (quoting *Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir. 1992)).  "[A] 'pervasive risk of harm' may not ordinarily be shown by pointing to a single incident or isolated incidents," but it is "enough that violence and sexual assaults occur with sufficient frequency that prisoners are put in reasonable

fear for their safety and to reasonably apprise prison officials of the existence of the problem and the need for protective measures." *Id.* (quoting *Andrews v. Siegel*, 929 F.2d 1326, 1330 (8th Cir. 1991)).

Plaintiff has not alleged facts from which the Court could find that Defendants were "aware of facts from which the inference could be drawn that" Plaintiff faced "a substantial risk of serious harm." *Id.* at 975-76 (quoting *Farmer*, 511 U.S. at 837). Plaintiff does not claim that he had been threatened by his attackers or that they were known to be violent. Plaintiff pled no facts about the relationship between Plaintiff and his attackers. And Plaintiff has not alleged that he or his attackers were in some kind of restrictive custody prior to the attacks. The United States Court of Appeals for the Eighth Circuit has repeatedly "upheld the grant of qualified immunity from § 1983 damage claims to prison officials who allegedly failed to protect an inmate from another inmate's surprise attack." *Id.* at 976. "Because prisons are dangerous places, housing the most aggressive among us and placing violent people in close quarters, prison officials are entitled to qualified immunity from claims arising out of a surprise attack by one inmate on another." *Id.* (cleaned up) (quoting *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998)).

Plaintiff also has not alleged that Defendants acted or failed to act with deliberate indifference. *Farmer*, 511 U.S. at 837. Negligence is insufficient to demonstrate deliberate indifference. *Jackson*, 140 F.3d at 1152. For a defendant to have acted with deliberate indifference, "he must have recklessly disregarded a known, excessive risk of serious harm to" a plaintiff's safety. *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003). Plaintiff has not alleged that any Defendant acted with reckless disregard for his rights.

Plaintiff has alleged that he was attacked twice at the St. Louis County Justice Center, by two separate inmates, but he has not alleged that Defendants were aware or reasonably should have been aware of a serious risk posed by those attackers. Nor has he alleged that any Defendant acted with an intent to deprive him of his rights to be safely incarcerated and free from the risk of serious harm. Therefore, Plaintiff has not stated a claim against Defendants for unconstitutional failure to protect.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in the District Court without Prepaying Fees and Costs, Doc. [2], is **DENIED as moot** because Plaintiff has paid the filing fee in full.

4

**IT IS FURTHER ORDERED** that the case is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1).

An Order of Dismissal will accompany Memorandum and Order.

Dated this 31st day of May, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5